UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:21-cv-23694

ALEX ARNIELLA,
    Plaintiff,
vs.

TRANS UNION LLC,
    Defendant.
_____/

**FIRST AMENDED COMPLAINT**
(Jury Demand)

Introduction

This is an action for actual and statutory damages brought by an individual consumer based on Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., (''FCRA'').

Jurisdiction

1. This Honorable Court has jurisdiction over FCRA claims according to 15 U.S.C. § 1681p, and generally according to 28 U.S.C. §1331.

Venue

2. Venue in this District is proper according to 28 U.S.C. §1391.

Parties

*Arniella*

3. Plaintiff Alex Arniella ("Arniella") is a natural person residing in Miami-Dade County, Florida.

4. Arniella is a "consumer" according to 15 U.S.C. § 1681a(c).

*TransUnion*

5. Defendant Trans Union LLC. ("Trans Union") is a "consumer reporting agency" as

defined by §1681a(f).

6. Trans Union regularly conducts business in this District and has a principal place of business in Chicago, Illinois.

7. Trans Union is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according to 15 U.S.C. § 1681a(p).

8. Trans Union provides such consumer reports to third parties in exchange for money.

Facts

9. On or about May 2016, Arniella purchased an automobile and financed it with JP Morgan Chase Bank ("JPMCB").

10. JPMCB financed Arniella's automobile for a term of 72 monthly installments.

11. Arniella authorized JPMCB to automatically deduct the 72 monthly installment payments for the automobile's financing from his Wells Fargo bank account ($398.76 each month).

12. On or about June 2016 JPMCB began deducting the monthly installment payments from Arniella's Wells Fargo bank account.

13. JPMCB timely deducted installment payments every month, e.g., on 12/12/19, 01/14/20 and 02/12/20.

14. JPMCB stopped automatically deducting the monthly installment payments, i.e., did not deduct the March installment payment due.

15. Approximately one month later, JPMCB called Arniella and told him he was late.

16. JPMCB also did not deduct the April installment payment.

17. At all relevant times Arniella's Wells Fargo bank account had sufficient funds to cover the monthly JPMCB monthly payment withdrawals.

18. Arniella communicated several times with JPMCB about its not having made the March and April payment withdrawals.

19. During Arniella's communications, JPMCB told Arniella it had made a mistake in setting up the number of automatic payment withdrawals: Instead of scheduling 72 withdrawals, JPMCB scheduled a smaller number, i.e., 45.

20. On April 20, 2020 Arniella made a payment to JPMCB, by telephone check authorization, corresponding to the March and April 2020 installments.

21. On May 20, 2020 JPMCB resumed deducting Arniella's installment payments from the Wells Fargo bank account, and continued thereafter, e.g., June 3, 2020, July 3, 2020, August 3, 2020, etc.

22. Despite making payment corresponding to the March and April 2020 installments, Trans Union reported that Arniella paid $0 for those months and that he was 30 days late.

High Balance: High balance of $26,142 from 05/2018 to 10/2020

| | 10/2020 | 09/2020 | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 | 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $7,759 | $8,138 | $8,516 | $8,891 | $9,266 | $10,041 | $10,851 | $10,804 | $10,779 | $11,147 | $11,516 | $11,886 |
| Scheduled Payment | $398 | $398 | $398 | $398 | $398 | $398 | $398 | $398 | $398 | $398 | $398 | $398 |
| Amount Paid | $398 | $398 | $398 | $398 | $797 | $797 | $0 | $0 | $398 | $398 | $398 | $398 |
| Past Due | $0 | $0 | $0 | $0 | $0 | $0 | $398 | $0 | $0 | $0 | $0 | $0 |
| Remarks | | | | | AID | | | | | | | |
| Rating | OK | OK | OK | OK | OK | OK | 30 | OK | OK | OK | OK | OK |

*First Dispute*

23. On or about June 11, 2020, Arniella disputed an entry in his Trans Union consumer report regarding a JPMCB Auto Finance with account number 1161521416**** (the "Account").

24. In his dispute Arniella explained that Trans Union was misreporting the Account as 30 days late.

3

25. In his dispute, Arniella further explained that payments for the Account were automatically deducted from his Wells Fargo bank account, but that JPMCB Auto Finance cancelled the payments on the Account without prior notice.

26. Rather than investigating Arniella's dispute or providing a response to Arniella's dispute, Trans Union responded on October 5, 2020 by requesting verification of Arniella's identity.

27. On or about October 22, 2020 Arniella sent Trans Union proof of identity as requested by Trans Union in its October 5, 2020 communication.

28. On November 11, 2020, Arniella requested and received a consumer report from Trans Union where it reported the Account with a "Maximum Delinquency of 30 days in 04/2020 for $398."

*Second Dispute*

29. On or about February 11, 2021, Arniella re-disputed Trans Union's reporting of the Account for a second time. In his re-dispute Arniella explained the reasons Trans Union was reporting the account inaccurately.

30. On or about August 11, 2021, Arniella sent Trans Union additional information to verify his identity as requested in Trans Union's October 5, 2020 request.

*Third Dispute*

31. On or about August 11, 2021 Arniella also re-disputed the reporting of the inaccurate information by TransUnion.

32. On or about August 27, 2021, Trans Union responded to Arniella's August 11 re-dispute. In its response, Trans Union verified the disputed information as accurate.

33. Accordingly, Trans Union has continued to parrot the inaccurate information it received from JPMCB, i.e., that Arniella was late in his installment payments, even though it was JPMCB's

scheduling error and not Arniella's failure to pay when due which resulted in his being reported late.

Damages

34. After Arniella disputed the inaccurate information regarding the Account at least three times, TransUnion has continued to report the Account inaccurately.

35. After Arniella's disputes, Trans Union reported the inaccurate information about the Account to users of its consumer reports, e.g.:

a.  On or about May 31, 2020 Trans Union reported the Account to Synchrony Bank;

b.  On June 30, 2020 Trans Union reported the Account to TD Bank.

36. As a result of the reporting of the incorrect information in his consumer reports Arniella has suffered economic and non-economic damages, including denial of credit by Synchrony Bank and TD Bank, loss of credit use and derogatory credit, embarrassment and humiliation.

## Count I
### [Violation of 15 U.S.C. §1681i(a)]

37. Arniella realleges and incorporates here paragraphs 1 through 36.

38. Trans Union violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Arniella's disputes and failing to delete inaccurate or materially misleading information in its file about Arniella after receiving actual notice of such inaccuracy.

39. The conduct, actions and inactions of TransUnion were willful, entitling Arniella to recover punitive, actual and statutory damages, according to 15 U.S.C. § 1681n.

40. Alternatively, TransUnion was negligent, entitling Arniella to recover actual damages according to 15 U.S.C § 1681o.

## Count II
### [Violation of 15 U.S.C. § 1681e(b)]

41. Arniella alleges and incorporates here paragraphs 1 through 36.

42. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer file it published and maintained about Arniella.

43. As a result of the conduct, actions or inactions of Trans Union, Arniella has suffered and incurred damages.

44. The conduct, actions and inactions of Trans Union were willful, entitling Arniella to recover punitive, actual and statutory damages, according to 15 U.S.C. § 1681n.

45. In the alternative, Trans Union was negligent, entitling Arniella to recover actual damages according to 15 U.S.C. § 1681o.

## Relief Sought

46. Arniella demands judgment against TransUnion for:

(a) actual, statutory and punitive damages;

(b) attorney's fees and costs;

(c) pre-judgment and post-judgment interest.

## Jury Trial Demand

47. Arniella demands trial by jury.

Dated: January 12, 2022

Respectfully submitted by:

*Joey D. Gonzalez*
/s/ Joey D. Gonzalez
Fla. Bar # 127554
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073 Coral Gables, FL 33114-5073
305-720-3114
Joey@JoeyGonzalezLaw.com
and
*Leo Bueno*
/s/ Leo Bueno
Fla. Bar # 716261

LEO BUENO, ATTORNEY, PLLC<br>
P.O. Box 141679 Coral Gables, FL 33114-1679<br>
305-669-5260<br>
Leo@Buenolaw.com<br>
Attorneys for Plaintiff Alex Arniella

F:\Dropbox\_Joey - Leo Caddy_\Alex Arniella\1-Complaint-Arniella v Trans Union.docx